UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In Re:<br><br>**Lewis E. Wilkerson, Jr.**,<br><br>   Debtor<br><br>ROBERT E. DIXON,<br>Individually and Derivatively on behalf of<br>D.E.R. LLC<br><br>   Plaintiff<br>v.<br><br>LEWIS WILKERSON<br><br>   Defendant | Case Number: 20-34576-KLP<br><br>Ch. 11<br><br>Adversary Proceeding<br><br>No. 21-03008 - KLP |

## ANSWER

THIS DAY CAME the Defendant Debtor, Lewis Wilkerson ("Defendant" or "Mr. Wilkerson"), by Counsel, who, for his Answer to the Complaint filed by Robert E. Dixon ("Plaintiff" or "Mr. Dixon"), individually and derivatively on behalf of D.E.R. LLC ("D.E.R."), pursuant to 11 U.S.C. § 523 and Fed. R. Bankr. P. 4007 and 7001, to determine the dischargeability of certain indebtedness and to reduce the same to judgment, states as follows:

### Jurisdiction

1. Admit

2. Admit.

Robert A. Canfield, Esq. (VSB No. 16901)
Canfield Wells, LLP
4124 E. Parham Road
Henrico, VA 23228
☎ (804) 673-6600
🖷 804-673-6604
*COUNSEL FOR DEBTOR/DEFENDANT*

## Parties

3. The allegations contained in Paragraph 3 of Mr. Dixon's Complaint are admitted in that Mr. Wilkerson is a debtor in Bankruptcy Case No 20-34576-KLP and he was a fifty percent (50%) owner and manager of D.E.R. The remaining allegations contained in Paragraph 3 of Mr. Dixon's Complaint are denied.

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint that Mr. Dixon is a fifty percent (50%) member of D.E.R. and is prosecuting this adversarial proceeding on behalf of D.E.R. are admitted. The remaining allegations and all inferenced derived therefrom are denied.

5. Admit.

6. Admit.

7. Admit.

## Venue

8. Admit.

9. Admit.

10. The allegation contained in Paragraph 10 of Mr. Dixon's Complaint is admitted to the extent that it properly recites the finding in <u>Davis v. MKR Development, LLC</u>, 295 Va. 488, 814 S.E. 2d 179 (2018). The remaining allegations contained in Paragraph 10 of Mr. Dixon's Complaint are denied.

11. The allegation contained in Paragraph 11 of Mr. Dixon's Complaint is denied.

12. Admit.

13. Admit.

14. Admit.

### Facts

### Count 1

### Derivative Claim by D.E.R. Against Mr. Wilkerson
### [11 U.S.C. §§ 523(a)(4)]
### [11 U.S.C. § 523(a)(6)]

15. Mr. Wilkerson incorporates and restates his answers to Paragraphs 1 through 14 above as if fully set forth herein.

16. The allegation contained in Paragraph 16 of Mr. Dixon's Complaint is denied.

17. Admit.

18. The allegation contained in Paragraph 18 of Mr. Dixon's Complaint is denied.

19. The allegation contained in Paragraph 19 of Mr. Dixon's Complaint is denied.

20. The allegation contained in Paragraph 20 of Mr. Dixon's Complaint is denied.

21. The allegation contained in Paragraph 21 of Mr. Dixon's Complaint is denied.

22. Admit.

23. The allegation contained in Paragraph 23 of Mr. Dixon's Complaint is denied.

24. The allegation contained in Paragraph 24 of Mr. Dixon's Complaint is denied.

25. The allegation contained in Paragraph 25 of Mr. Dixon's Complaint is denied.

WHEREFORE, Mr. Wilkerson denies Mr. Dixon is due the relief requested in paragraphs (a), (b), (c), (d), (e), and (f) of his "WHEREFORE" Clause, or any relief whatsoever, and asks this Court to:

(a) Dismiss Mr. Dixon's Complaint with prejudice allowing Mr. Wilkerson a bankruptcy discharge; and

(b) For such other and further relief as the nature of this case may require.

## Count II

### Direct Claims by Mr. Dixon Individually Against Mr. Wilkerson
### [11 U.S.C. §§ 523(a)(4)]
### [11 U.S.C. § 523(a)(6)]

26. The allegation contained in Paragraph 26 of Mr. Dixon's Complaint is denied.

27. The allegation contained in Paragraph 27 of Mr. Dixon's Complaint is denied.

28. The allegation contained in Paragraph 28 of Mr. Dixon's Complaint is denied.

29. The allegation contained in Paragraph 29 of Mr. Dixon's Complaint is denied.

30. The allegation contained in Paragraph 30 of Mr. Dixon's Complaint is denied.

31. The allegation contained in Paragraph 31 of Mr. Dixon's Complaint is denied.

32. The allegation contained in Paragraph 32 of Mr. Dixon's Complaint is denied.

WHEREFORE, Mr. Wilkerson denies Mr. Dixon is due the relief requested in paragraphs (a), (b), (c), and (d) of his "WHEREFORE" Clause, or any relief whatsoever, and asks this Court to:

(a) Dismiss Mr. Dixon's Complaint with prejudice allowing Mr. Wilkerson a bankruptcy discharge; and

(b) For such other and further relief as the nature of this case may require.

Respectfully Submitted,

**LEWIS WILKERSON**

By: /s/   Robert A. Canfield
           Of Counsel

Robert A. Canfield, Esq. (VSB No. 16901)
Canfield Wells, LLP
4124 E. Parham Road
Henrico, VA 23228
☎(804) 673-6600
📠 804-673-6604
*COUNSEL FOR DEBTOR/DEFENDANT*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was served by first class mail, postage prepaid and/or electronically, on this 19th day of March, 2021 to: W. R. Baldwin, III, Esq., Meyer Baldwin, Long & Moore, LLP, 5600 Grove Avenue, Richmond, VA 23226 and William F. Seymour, IV, Esq., FloranceGordonBrown, P.C., 1900 One James Street, 901 East Cary Street, Richmond, VA 23219, Co-Counsel for Plaintiffs.

/s/   Robert A. Canfield
Robert A. Canfield, Esq.