# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In Re: ) | |
| ) | |
| **Lewis E. Wilkerson, Jr.,** ) | |
| ) | |
| Debtor ) | |
| ) | |
| ROBERT E. DIXON, ) | **Case Number: 20-34576-KLP** |
| Individually and Derivatively on behalf of ) | |
| D.E.R. LLC ) | Ch. 11 |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | Adversary Proceeding |
| LEWIS E. WILKERSON, JR. ) | |
| ) | No. 21-03008 - KLP |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESSES

Comes now the defendant, Lewis Wilkerson ("Defendant"), by counsel, and for his Objections to Plaintiff's Witnesses respectfully represents as follows:

**1.** Defendant objects to Tonya Futrell, CPA being called for any purpose other than for rebuttal. Tonya Futrell, CPA was designated only as a rebuttal expert and not as an expert in Plaintiff's case in chief. *See* Document 12 filed herein.

**2.** Defendant objects to Tonya Futrell, CPA's testimony derived from or referencing "a. Compensation analysis summary. b. Altered and deleted QuickBooks transaction reports. c. Summary

---
Robert A. Canfield, VSB #16901
Canfield Wells, LLP
4124 E. Parham Road
Richmond, VA 23228
☎(804)673-6600
📠(804)673-6604
*Counsel for Defendant*

of funds to and from D.E.R. that affected the Loan die to Mr. Wilkerson[sic] account balance. d. Page 21 of 23 in interrogatory questions in which Mr. Wilkerson confirms conservative estimate of $0.10/mile." Document 12. While the foregoing were listed as Exhibits to Plaintiff's Rebuttal Expert Disclosure and Report, they were not included as Exhibits to the Report or as Exhibits in Plaintiff's Exhibit List as required by B.R.C.P. 7026 and F.R.C.P. 26(a)(2)(B)(iii).

Copies of Plaintiff's Proposed Exhibits were made available to Defendant's counsel one (1) day before objections were due. It was only then determined these Exhibits were missing, prejudicing Counsel's ability to prepare for a hearing on this matter.

3.    Defendant objects to Tonya Futrell, CPA's testimony derived from or referencing the Rebuttal Expert Witness Disclosure Report (the "Report"). The Report is conclusory and does not fulfill the requirements of B.R.C.P. 7026; F.R.C.P. 26(a)(2)(B)(i); F.R.C.P. 26(a)(2)(B)(ii) or F.R.C.P. 26(a)(2)(B)(iii). The Report does not contain the basis and reason for Ms. Futrell's opinions, only conclusions. The Report does not contain the Exhibits that will be used to summarize or support Ms. Futrell's conclusory opinions. Documents and evidence containing the facts and data considered by Ms. Futrell when preparing the Report and/or formulating her conclusions were not proposed as Exhibits.

4.    Defendant objects to Tonya Futrell, CPA's testimony with regard to compensation paid per timber hauling trip. According to the Report, Ms. Futrell is basing her conclusory opinions on price per mile as opposed to price per ton per mile. This erroneous calculation is nonconforming and of little to no probative value.

By: /s/ Robert A. Canfield<br>Counsel

Robert A. Canfield, VSB #16901
Canfield Wells, LLP
4124 E. Parham Road
Richmond, VA 23228
☎(804)673-6600
🖷(804)673-6604
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 20th day of October, 2021, a copy of the foregoing *Defendant's Objections to Plaintiff's Witnesses* was hand delivered to: W. R. Baldwin, III, Esq., Meyer Baldwin, Long & Moore, LLP, 5600 Grove Avenue, Richmond, VA 23226.

          /s/   Robert A. Canfield
           Robert A. Canfield