# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In Re: ) | |
| ) | |
| **Lewis E. Wilkerson, Jr.,** ) | |
| ) | |
|            Debtor ) | |
| ) | |
| ROBERT E. DIXON, ) | **Case Number: 20-34576-KLP** |
| Individually and Derivatively on behalf of ) | |
| D.E.R. LLC ) | Ch. 11 |
| ) | |
|            Plaintiff ) | |
| v. ) | |
| ) | Adversary Proceeding |
| LEWIS E. WILKERSON, JR. ) | |
| ) | No. 21-03008 - KLP |
|            Defendant. ) | |
| _____ ) | |

### LEWIS WILKERSON'S RESPONSE TO MOTION OF ROBERT E. DIXON TO AMEND AND SUPPLEMENT EXPERT REPORT AND FOR OTHER RELIEF, <u>AND MOTION TO EXCLUDE</u>

Comes now the defendant, Lewis Wilkerson ("Defendant"), by counsel, and for his Response to Motion of Robert E. Dixon to Amend and Supplement Expert Report and Other Relief, and Motion to Exclude respectfully states as follows:

        **1.**      The above styled case was originally scheduled to be heard on September 14, 2021 and September 15, 2021.

---

Ross C. Allen, Esquire (VSB# 81329)
HAIRFIELD MORTON, PLC
2800 Buford Road, Suite 201
Richmond, Virginia 23235
(804) 320-6600
(804) 320-8040 Facsimile
rallen@hmalaw.com
*<u>Counsel for Defendant</u>*

2. In anticipation of the September 14, 2021 and September 15, 2021 hearing a pretrial order was entered on April 28, 2021 requiring, *inter alia*, disclosure of expert testimony "no later than 60 days prior to the Trial Date, or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 7026(a)(2)(B) of the Federal Rules of Bankruptcy Procedure, on or before 21 days after the disclosure is made by the other party."

3. Plaintiff, Robert E. Dixon ("Plaintiff") did not file an Expert Report and instead chose to file an incomplete Rebuttal Expert Report of Tonya Futrell, CPA on August 6, 2021.

4. Defendant objected to the expert testimony of Ms. Futrell and filed a Motion in Limine to exclude or limit her testimony based upon defects contained in Plaintiff's Rebuttal Expert Disclosure.

5. The case was then continued to February 8, 2022, giving Plaintiff more than adequate time to file an Expert Disclosure or Amended Rebuttal Expert Disclosure, but no Expert Disclosure or Amended Disclosure was filed sixty (60) days prior to the new hearing date of February 8, 2022.

6. Plaintiff filed the Motion of Robert E. Dixon to Amend and Supplement Expert Report and Other Relief ("Motion for Relief") and accompanying Memorandum in Support (the "Memorandum") just after midnight on Saturday, January 8, 2022, approximately thirty (30) day days before the case is scheduled to be heard on February 8, 2022.

7. The Motion for Relief asks that the August 6, 2021 Rebuttal Expert Disclosure be modified to include the exhibits attached to the Motion for Relief and that the Rebuttal Expert Disclosure be recharacterized and allowed as an Expert Disclosure.

8.  The Motion for Relief contains several exhibits, one of which is a two hundred and thirty-two (232) page synopsis purporting to show missing QuickBooks information.

9.  Plaintiff states in the Memorandum that granting the requested relief will not prejudice Defendant, this is incorrect and granting the relief less than thirty (30) days before the hearing will be extremely prejudicial to Defendant.

10. If granted, Defendant; Defendant's expert, Ben Johnson; and Defendant's book Keeper, Dawn Wilkerson will have less than thirty (30) days to review and respond to the two hundred and thirty-two (232) page synopsis purporting to show missing QuickBooks information in addition to preparing for the February 8, 2022. Each purported missing entry must be individually researched.

11. This proposition is complicated by the fact that Dawn Wilkerson's mother is in the intensive care unit of the hospital.

12. Additionally, recharacterizing the Rebuttal Expert Disclosure as an Expert Disclosure completely changes the landscape of the February 8, 2022 hearing causing Defendant to rethink and adjust his trial strategy less than thirty (30) days before the hearing.

13. While Defendant is sympathetic to counsel's plights elaborated in the Memorandum, it is inequitable to grant the requested relief so close to the hearing.

WHEREFORE, Defendant, Lewis Wilkerson, by counsel, prays this Court enter an order:

a. denying the relief sought in Motion of Robert E. Dixon to Amend and Supplement Expert Report and Other Relief;

b. exclude the additional exhibits contained in Plaintiff's Motion of Robert E. Dixon to Amend and Supplement Expert Report and Other Relief;

c. In the alternative, if the relief requested in Plaintiff's Motion of Robert E. Dixon to Amend and Supplement Expert Report and Other Relief is granted, continue the

      hearing for an additional sixty (60) days to allow Defendant time to review and respond to the newly supplied information and adequately prepare for the hearing; and

    d. For such other and further relief as the nature of this case may require.

By: /s/ Ross C. Allen
Counsel

Ross C. Allen, Esquire (VSB# 81329)
HAIRFIELD MORTON, PLC
2800 Buford Road, Suite 201
Richmond, Virginia 23235
(804) 320-6600
(804) 320-8040 Facsimile
rallen@hmalaw.com
*__Counsel for Defendant__*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of January, 2022, a copy of the foregoing Objections were electronically transmitted and/or mailed by regular mail, postage prepaid to: W. R. Baldwin, III, Esq., Meyer Baldwin, Long & Moore, LLP, 5600 Grove Avenue, Richmond, VA 23226 and William F. Seymour, IV, Esq., Florance Gordon Brown, P.C., 1900 One James Street, 901 East Cary Street, Richmond, VA 23219, Co-Counsel for Plaintiffs.

/s/ Ross C. Allen
Ross C. Allen
