UNITED STATES BANKRUPTCY COURT **FILED**
EASTERN DISTRICT OF VIRGINIA
Richmond Division            2022 MAR 21  PM 12: 26

U.S. BANKRUPTCY COURT
RICHMOND DIVISION
NB

| | |
|---|---|
| In Re: | |
| **Lewis E. Wilkerson, Jr.,** | |
| Debtor | |
| ROBERT E. DIXON, Individually and Derivatively on behalf of D.E.R. LLC | Case Number: 20-34576-KLP |
| | Ch. 11 |
| Plaintiff | |
| v. | Adversary Proceeding |
| LEWIS E. WILKERSON, JR. | No. 21-03008 - KLP |
| Defendant. | |

## REBUTTAL EXPERT DISCLOSURE

Lewis E. Wilkerson, Jr. (hereinafter "Defendant"), by counsel, pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, Rule 7026 of the Federal Rules of Bankruptcy Procedure and the Pretrial Order entered in this Case, files his Disclosure of Rebuttal Expert Testimony:

The following rebuttal expert disclosure is made without prejudice to the Defendant's right to utilize subsequently discovered facts. The Defendant reserves the right to supplement the

---

Ross C. Allen, VSB No. 81329
Hairfield Morton, PLC
2800 Buford Rd.
Richmond, VA 23235
Phone: (804) 320-6600
Fax : (804) 320-8040
Email: rallen@hmalaw.com
*Counsel for Defendant*

disclosures insofar as supplementation is allowed or required under the applicable federal or local rules.

No incidental or implied admissions of fact by the Defendant are made by the rebuttal disclosures below.

Defendant designates Dawn Wilkerson whose address is 719 Ole Briery Station Road, Keysville, VA 23947 and her phone number is (434) 390-7825.

Dawn Wilkerson will be called as a rebuttal expert to Tanya Futrell, CPA and will testify to matters directly rebutting the opinions contained in the Expert Disclosure and exhibits filed in this case including the purported unpaid compensation, conversion of $133,000.00 check from Key Truck & Equipment, altered or deleted Quickbooks file transactions, and D.E.R. bank account activity.

The subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 is that Dawn Wilkerson was the bookkeeper for D.E.R. LLC and WST Products LLC since the inception of both companies and is intimately familiar with, and in numerous cases prepared, the hauling trips, driver payroll records, and freight payments made reviewed by Plaintiff's expert, Tonya Futrell, CPA and will testify as to the same subject matter included in Tonya Futrell's Expert Witness Disclosure and Report.

Dawn Wilkerson has amassed specialized knowledge of both D.E.R., LLC and WST Products LLC including how trip tickets were organized and submitted, how drivers were compensated, the rate for driver compensation and timber hauling trips, driver minimums paid for shorter timber hauling trips, trip minimums for shorter timber hauling trips, the cash accounting practice of D.E.R., LLC and WST Products LLC, why Quickbooks entries were deleted and why this was not an unusual practice for D.E.R. LLC and WST Products LLC, Lewis

Wilkerson's personal finances and the amount loaned to D.E.R, LLC and WST Products LLC, and that D.E.R. LLC was actually over compensated based upon the timber hauling trips performed by D.E.R. LLC.

**A: Unpaid Compensation.**

A summary of the facts and opinions to which Dawn Wilkerson is expected to testify are that upon review of Tanya Futrell's, CPA, expert disclosure along with the exhibits provided including the hauling trips, driver payroll records, and freight payments created by Dawn Wilkerson and reviewed by Plaintiff's expert, Tonya Futrell, CPA, Dawn Wilkerson does not reach the same conclusions as Ms. Futrell. Dawn Wilkerson will testify that D.E.R., LLC was actually over-compensated from 2013 through 2019 for hauling trips and that the amount of overcompensation totaled $821,486.59. See Exhibit A.

Ms. Futrell's disclosure is confusing. She states "2017 - $0.11/mile Nov-Dec.; 2018- $0.13/mile Jan-July and $0.10/mile Aug.-Dec.; 2019- $0.10/mile Jan.-Dec." However, this is not how the hauling trips were compensated. The compensation rate was based on per mile, per ton, not a straight per mile calculation as indicated in Ms. Futrell's disclosure. Further, Ms. Futrell makes no mention of minimum payments, or driver minimum payments, which could throw off her calculation by showing a hauling trip was longer than it actually was. Extrapolating actual miles from driver payroll records is impossible due to the minimum payments and will create a discrepancy that is easily explained.

If a trip is below a certain distance, a driver will be paid a minimum trip amount. If you divide the minimum trip amount by the per mile compensation paid to a driver, it will show more miles driven than were actually driven. It appears Ms. Futrell extrapolated mileage from driver compensation and then multiplied that by timber hauling mileage compensation to reach an

inaccurate amount she claims D.E.R. LLC should have been compensated. However, those were not actually miles driven and should not have been paid to D.E.R. LLC.

**B. Conversion of $133,000.00 check from Key Truck & Equipment payable to D.E.R. LLC.**

Dawn Wilkerson will testify that Lewis Wilkerson loaned D.E.R. substantial monies in the form of capital contributions to allow it to continue to operate and that during the winding down process, D.E.R. LLC repaid $133,000.00 to Lewis Wilkerson. Dawn Wilkerson will testify that Robert Dixon made zero capital contributions to D.E.R. LLC during D.E.R. LLC's existence, and in fact was paid $1,000.00 per week by D.E.R. LLC to the detriment of D.E.R. LLC.

**C. Altered Quickbooks File Transactions.**

Dawn Wilkerson will testify that Quickbooks entries were deleted, but in each instance can explain why the entry was deleted and that it was customary practice in the ordinary course of business for D.E.R., LLC and WST LLC for her to enter and then delete entries due to how the books were kept and the cash accounting method she used. Dawn Wilkerson will testify that D.E.R., LLC was never under compensated and that money was transferred from Lewis Wilkerson's personal account to keep D.E.R. LLC afloat. See Exhibit B.

**D. D.E.R. LLC Bank Account Activity.**

Dawn Wilkerson will testify that, as the bookkeeper for D.E.R. LLC, WST LLC, and related companies, she supervised the account activity of D.E.R. LLC and that there was nothing irregular about the account transactions and that each transaction was done in the ordinary course of business. Dawn Wilkerson will testify that Lewis Wilkerson transferred monies as a capital contribution from his personal account to keep D.E.R. LLC afloat.

Dawn Wilkerson will base her rebuttal opinion on her years as the bookkeeper for D.E.R. LLC and WST LLC, Tanya Futrell's Expert Disclosure and report, the 2015 D.E.R. LLC Federal and State Income Tax Returns; the 2016 D.E.R. LLC Federal and State Income Tax Returns, the 2017 D.E.R. LLC Federal and State Income Tax Returns; the 2018 D.E.R. LLC Federal and State Income Tax Returns; D.E.R. LLC Financial Statements for the Period Ending December 31, 2012; D.E.R. LLC Financial Statements for the Period Ending December 31, 2013; D.E.R. LLC Financial Statements for the Period Ending December 31, 2014; D.E.R. LLC Financial Statements for the Period Ending December 31, 2015; D.E.R. LLC Financial Statements for the Period Ending December 31, 2016; D.E.R. LLC Financial Statements for the Period Ending December 31, 2017; D.E.R. LLC Financial Statements for the Period Ending December 31, 2018; and the exhibits to Ms. Futrell's Expert Disclosure.

Dawn Wilkerson will testify that it is her expert opinion as the bookkeeper, D.E.R. LLC, and WST LLC that that D.E.R. LLC was fully compensated for each timber hauling trip made, and that Mr. Wilkerson subsidized D.E.R. LLC through loans so it could continue operating. Dawn Wilkerson will testify that upon ceasing operation, D.E.R. LLC was insolvent and that it was severely indebted to Mr. Wilkerson for those loans. Ms. Wilkerson will testify that Mr. Wilkerson's personal finances suffered due to him making loans to D.E.R. LLC so it could continue operating.

Defendant reserves the right to amend this Rebuttal Expert Disclosure.

[Endorsement of counsel on following page.]

                    LEWIS E. WILKERSON, JR.

                    /s/ Ross C. Allen, Esq.
                    By counsel

ROSS C. ALLEN, VSB NO. 81329
HAIRFIELD MORTON, PLC
2800 BUFORD RD.
RICHMOND, VA 23235
PHONE: (804) 320-6600
FAX: (804) 320-8040
EMAIL: RALLEN@HMALAW.COM
*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 21st day of March, 2022, a copy of the foregoing Rebuttal Expert Disclosure was electronically transmitted and/or mailed by regular mail, postage prepaid to: W. R. Baldwin, III, Esq., Meyer Baldwin, Long & Moore, LLP, 5600 Grove Avenue, Richmond, VA 23226 and William F. Seymour, IV, Esq., FloranceGordonBrown, P.C., 1900 One James Street, 901 East Cary Street, Richmond, VA 23219, Co-Counsel for Plaintiffs.

                    /s/ Ross C. Allen, Esq.