UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **Lewis E. Wilkerson, Jr.** | ) | Case No. **20-34576-KLP** |
| | ) | |
| Debtor | ) | Chapter 11 |
| ------------------------------------------------- | ) | ------------------------------------------------------- |
| ROBERT E. DIXON, | ) | |
| Individually and Derivatively on behalf of | ) | |
| D.E.R. LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Adversary Proceeding |
| | ) | |
| LEWIS E. WILKERSON, JR. , Debtor, | ) | No.  21- 03008- KLP |
| | ) | |
| Defendant | ) | |

**OBJECTION OF ROBERT E. DIXON INDIVIDUALLY AND FOR D.E.R. LLC TO DEFENDANT'S DESIGNATION OF REBUTTAL EXPERT WITNESS**

Robert E. Dixon (the "Plaintiff" or "Mr. Dixon"), by counsel, respectfully objects to the Rebuttal Expert Disclsoure of defendant Lewis E. Wilkerson, Jr. filed March 21, 2022 as Document 42 and as cause sates:

1.      The Report states on page 2 that proposed Expert Witness Dawn Wilkerson "is expected to present evidence under Federal Rule of Evidence 702, 703, or 705." Rule 702 provides for testimony of an expert witness, that is, one who is "expert by knowledge, skill, experience, training, or education." Rule 703 providesthat "an expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Rule 705 provides that "an expert may state an opinion — and give the reasons for it — without first testifying to the underlying facts or data."

2.        Proposed expert Dawn Wilkerson is not an expert under any normal application of the word. The proposed expert disclosure filed by the Defendant does not meet the reliability requirement of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579,589 (1993) ("the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable"). In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-148 (1999), the Supreme Court clarified that the "gatekeeper" function of the trial courts in determining whether the proposed expert testimony met the reliability requirements behind both F. R. Evid. 702 and 703 applies to all proposed expert testimony, not solely that carrying the label "scientific." And what is apparent from the disclosure provided by the Defendant as to Dawn Wilkerson is that she has no professional training; based upon the disclosure she has had no academic training in accounting or bookkeeping and her sole experience is that of "bookkeeper for D.E.R. LLC and WST Products LLC since the inception of both companies" and is "intimately familiar with" certain of the accounting records of these companies. Elements of her testimony may be admissible as a fact witness, but the disclosure provides no basis for according her the expertise that would qualify her as an expert witness properly able to present opinion testimony.

Given this shortfall in expertise, the Court need not reach the issues of whether the disclosure meets the requirements of Rule Fed. R. Civ. P. 26(a)(2)(C)(i) and (ii).

WHEREFORE, premises considered, Robert E. Dixon, individually and derivatively, prays that the Court determine that Dawn Wilkerson lacks the qualifications to present expert opinion evidence, as well as such other relief as is proper.

Respectfully submitted,

ROBERT E. DIXON, Individually and
Derivatively on behalf of D.E.R. LLC

Date: March 31, 2022                         By: ___/s/___W. R. Baldwin, III_____
                                                                        Counsel

W. R. Baldwin, III (VSB #16988)
Meyer Baldwin, Long & Moore, LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3338
Fax: (804) 285-7779
Email: billbaldwin@meyerbaldwin.com
ECF: billbaldwin@comcast.net
Co-Counsel for the Plaintiff

William F. Seymour, IV, Esq.
FloranceGordonBrown, P.C.
One James Center, Suite 1 900
901 East Cary Street
Richmond, VA 23219
Voice: (804) 697-5100
Fax: (804) 697-5159
Email: wseymour@fgb.com
Co-Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing pleading was served by the ECF procedures of

this Court on March 31, 2022, on all parties hereto subject to such procedures, to included Ross.

Allen, Esq. and Robert Canfield, Esq, co-counsel for the Defendant Lewis E. Wilkerson, Jr.. at

their addresses of record.

_____/s/ W. R. Baldwin, III